IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEANNA SIMS and RICHARD MCMANUS,<br><br>Plaintiff[s],<br><br>vs.<br><br>BEAM GLOBAL SPIRITS & WINE, INC.,<br><br>Defendant. | Case No. 1:11-cv-06403<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Morton Denlow |

**ANSWER AND AFFIRMATIVE DEFENSES OF BEAM
GLOBAL SPIRITS & WINE LLC TO THE COMPLAINT**

Defendant Beam Global Spirits & Wine LLC ("Beam Global"), formerly known as Beam Global Spirits & Wine, Inc., hereby files its Answer and Affirmative Defenses to the Complaint.

**GENERAL ANSWER**

Beam Global states that it responds to these allegations only on behalf of itself and not on behalf of any other entity. All allegations are denied unless specifically admitted, and any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in the averment or in the Complaint as a whole.

The Complaint contains numerous quotations and references that purport to be excerpts from various identified and unidentified sources and documents. The alleged documents referred to in the Complaint have not been provided by the Plaintiffs. Accordingly, Beam Global is unable to challenge the accuracy, veracity, or source(s) of these quotations or references. To the extent that Beam Global states that a document or other material referenced in the Complaint speaks for itself, or refers to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the

document or other material is or is not true, or that Plaintiffs' characterization of such documents or other material is accurate. Beam Global reserves the right to challenge the accuracy of the quotations and references and to raise any objection as to the documents purportedly quoted or referenced. Beam Global does not admit the authenticity of any documents from which quotations were taken or references were made, and reserves the right to challenge the authenticity of all documents quoted or referenced in the Complaint.

## SPECIFIC ANSWER

### THE PARTIES

1. Plaintiff Jeanna Sims ("Sims") is a resident of the State of Alabama who currently lives in Jefferson County.

**ANSWER:** **Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies same.**

2. Plaintiff Richard McManus ("McManus") is a resident of the State of Alabama who currently lives in Jefferson County.

**ANSWER:** **Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies same.**

3. Defendant, Beam Global Spirits & Wine, Inc. ("Beam"), is the fourth largest spirits company in the world and the United States' largest premium spirits company. Beam is headquartered in Deerfield, Illinois; last year the company generated over $2.7 billion in revenue.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 3 of the Complaint, except admits that Beam Global is headquartered in Deerfield, Illinois, and states that Beam Inc. is one of the largest spirits companies in the United States.**

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 USCA § 1332, because the amount in controversy exceeds $5,000,000 and the Plaintiffs are citizens of a State different from the Defendant Beam. Venue is proper in this

Court because Beam is headquartered in this District and does business in this District on a continuous and ongoing basis. This Court can assert jurisdiction over Beam without offending traditional notions of justice and fair play as Beam is headquartered in this District and can expect to defend itself in this venue.

**ANSWER:** **Paragraph 4 of the Complaint contains legal conclusions as to which no answer is required; to the extent an answer is required, Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same, except admits that Beam Global is headquartered in Deerfield, Illinois and states that Jim Beam Brands Co. ("Jim Beam"), a wholly owned subsidiary of Beam Global, is authorized to and conducts business in Illinois.**

## STATEMENT OF FACTS

5. On or about March 2011 Beam purchased the Skinnygirl Margarita brand of ready-made cocktails from Bethenny Frankel, a renowned natural foods chef, a reality television star and entrepreneur. Prior to the acquisition, Ms. Frankel advertised Skinnygirl Margarita as "all natural" and containing no preservatives. The bottle that contains the Skinnygirl Margarita Plaintiffs purchased states in red letters that are capitalized: ALL NATURAL | OPEN & SERVE.

**ANSWER:** **Beam Global denies each and every allegation in the first sentence of Paragraph 5 of the Complaint, except admits that Ms. Frankel is an entrepreneur and TV personality and that Jim Beam purchased Skinnygirl Margarita in March 2011. Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and therefore denies same, except states that the bottle for Skinnygirl Margarita speaks for itself as to its content.**

6. Indeed, in a March 21, 2011 interview with the Wall Street Journal Ms. Frankel said that "her margarita has only natural ingredients, with no preservatives or artificial colors; it is lightly sweetened with agave nectar."

**ANSWER:** **Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies same.**

7. After the acquisition, Beam continued those representations that the product contained no preservatives, as did Ms. Frankel who acts as a company spokesperson and endorser of the product.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 7 of the Complaint.**

8. Specifically, defendant continued to advertise that Skinnygirl Margarit [*sic*] is:

- All Natural;
- Uses all natural ingredients; and
- Contains No Preservatives.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 8 of the Complaint, except states that the advertisements for Skinnygirl Margarita speak for themselves as to their content.**

9. The phrase "All Natural" is highlighted on each Skinnygirl Margarita bottle. The labeling states that it is only slightly sweetened with agave. The labeling also claims that the product is "the Margarita you can trust."

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 9 of the Complaint, except states that the labeling for Skinnygirl Margarita speaks for itself as to its content.**

10. In September of 2011, Whole Foods grocery store pulled the product from its shelves because it contained a preservative called sodium benzoate. In a press release, the Whole Foods stated that "[a]fter discovering that [Skinnygirl Margarita] contains a preservative that does not meet our quality standard, we have had to stop selling it."

**ANSWER:** **Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies same, except admits that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves.**

11. In response to the disclosure that Skinnygirl Margarita contains a preservative, defendant's spokesperson Frankel flippantly stated: "I'm not making wheatgrass here. If I could put an agave plant and some limes on a shelf I would. [The Skinnygirl Margarita] is as close to nature as possible, while still being a shelf-stable product . . . We were bound to piss someone off and everyone loves to try to tear down a success."

**ANSWER:** **Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies same.**

12. Ms. Frankel concluded that "This is a non-event. I haven't lost even a wink of sleep."

**ANSWER:** **Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.**

13. Defendants' representations that Skinnygirl Margaritas contain no preservatives were patently and intentionally false and misleading.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 13 of the Complaint.**

## CLASS ALLEGATIONS

14. Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following classes of persons: All consumers who reside in the United States who have purchased defendant's Skinnygirl Margarita product wherein the container stated that the product was "All Natural" and/or did not disclose that the product in fact contained a preservative. Excluded from the class are defendants, any person, firm, trust, corporation or other entity affiliated with defendant, and members of the federal judiciary.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 14 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification or is manageable as a class action.**

15. Pursuant to Fed. R. Civ. P. 23(a), members of the class are so numerous and geographically dispersed that joinder of all members is impracticable. According to the Wall Street Journal article, Skinnygirl Margarita is sold in liquor or mass-market stores such as Costco Wholesale Corp., and until recently, was sold at Whole Foods grocery. Skinnygirl Margarita ranked fourth in sales of ready-to-drink cocktails in food, drug and liquor stores in the 13 weeks ended Feb. 5, according to market researcher Nielsen Co. Defendant Beam has stated that sales volume exceeds 100,000 cases a year.

**ANSWER:** **Beam Global denies each and every allegation contained in the first sentence of Paragraph 15 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification. Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint and therefore denies same, except admits that it was reported that Whole Foods Market, Inc. withdrew Skinnygirl Margarita from its shelves and states that shipments of Skinnygirl Margarita have exceeded 100,000 9-liter cases.**

16. On information and belief, plaintiffs allege that there are tens of thousands if not hundreds of thousands of class members throughout the United States.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 16 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

17. Pursuant to Fed. R. Civ. P. 23(a)(2) common questions of law and fact exist as to all members of the class. These common questions include, but are not limited to, whether:

(a) Defendant's packaging of the Skinnygirl Margarita product misled, or tended to mislead, consumers into believing that they purchased a ready-made cocktail not contain any preservatives;

(b) Defendant misrepresented, concealed, omitted, and/or suppressed the true nature of their product from consumers;

(c) Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act;

(d) Defendant has been unjustly enriched, and;

(e) Defendant breached an express warranty to purchasers.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 17 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

18. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, and fairness and equity than other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 18 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

19. Plaintiffs' claims are typical of the claims of absent members of the class and any applicable subclasses.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 19 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

20. Plaintiffs will fairly and adequately represent and protect the interests of the class. Plaintiffs have no interests that are antagonistic to the absent class members. Plaintiffs are represented by capable counsel that has experience regarding consumer fraud class actions.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 20 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding the experience of Plaintiffs' counsel and therefore denies same. Beam Global admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

21. Without the class representation provided by Plaintiffs, virtually no class members will receive legal representation or redress for their injuries; Plaintiffs and counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and Class counsel are aware of their fiduciary responsibilities to the class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 21 of the Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding Plaintiffs' counsel and therefore denies the same. Beam Global admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

22. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) with respect to Plaintiffs' demands for injunctive and declaratory relief against defendant because defendant has acted on grounds generally applicable to the class as a whole. Therefore, the final injunctive and declaratory relief sought in this case is appropriate with respect to the class and any applicable Subclasses as a whole.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 22 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

23. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) with respect to Plaintiffs' demand for damages because common questions of fact or law will predominate in determining the outcome of this litigation and because maintenance of the action as a class action is a superior manner in which to coordinate the litigation.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 23 of the Complaint, except admits that Plaintiffs purport to bring this action as a**

**class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

## COUNT I

### (Violations of Illinois Unfair Practices Act)

24. Plaintiffs and members of the class re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 23.

**ANSWER: Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 23 of the Complaint as if fully set forth herein.**

25. The Illinois Unfair Practices Act, 815 ILCS 505/2, *et seq*. prohibits a corporation from engaging in unfair or deceptive trade practices. The Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

**ANSWER: Answering Paragraph 25 of the Complaint, Beam Global states that 815 ILCS 505/2,** *et seq***. speaks for itself and, thus, no response is required.**

26. This Count is brought on behalf of all consumers who reside in the United States and who have purchased defendant's Skinnygirl Margarita product wherein the container stated that the product was "All Natural" and/or did not disclose that the product in fact contained a preservative. It is believed that this class numbers in the thousands if not tens of thousands of people.

**ANSWER: Beam Global denies each and every allegation contained in Paragraph 26 of the Complaint, except admits that Plaintiffs purport to bring this action as a class action and define a putative class, but denies that this lawsuit is appropriate for class certification.**

27. At all relevant times, the Skinnygirl Margarita product has been available for purchase by consumers throughout the United States.

8

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 27 of the Complaint, and states that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad, but admits that Jim Beam has sold Skinnygirl Margarita to distributors in the United States, since on or about March 17, 2011, and that Skinnygirl Margarita is available for sale by third-parties to persons of legal drinking age in the United States.**

28. At all relevant times, defendant has been engaged in advertising, offering for sale, selling and/or distributing Skinnygirl Margarita directly or indirectly to the residents of the United States.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 28 of the Complaint, and states that the phrase "[a]t all relevant times" is undefined, vague, ambiguous, and overly broad, but admits that Jim Beam has advertised Skinnygirl Margarita, and sold Skinnygirl Margarita to distributors in the United States, since on or about March 17, 2011, and that Skinnygirl Margarita is available for sale by third-parties to persons of legal drinking age in the United States.**

29. Plaintiffs and the members of the class have purchased the product for their own personal and/or household use.

**ANSWER:** **Beam Global lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies same.**

30. At all relevant times, defendant, in connection with its advertisements, offers for sale, sales and distribution of the Skinnygirl Margarita product, knowingly and purposefully misrepresented, concealed, omitted, and/or suppressed the material fact that they were selling a product that contains preservatives. Defendant intended that plaintiff and the members of the class would rely upon these misrepresentations, concealments, omissions and/or suppressions so that plaintiff and the members of the class would purchase the product. Defendant's packaging of the product makes false or misleading representations that Skinnygirl Margaritas contain no preservatives whatsoever. In truth, defendant and its spokesperson Ms. Frankel, always knew that the product contains a preservative.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 30 of the Complaint.**

31. As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, plaintiffs and the members of the class have suffered economic damage.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 31 of the Complaint.**

32. Plaintiff and other consumers relied on the false or misleading packaging and advertising to their detriment.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 32 of the Complaint.**

33. As a result, plaintiffs and other consumers have been injured by defendant's unlawful conduct.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 33 of the Complaint.**

## COUNT II

### (Unjust Enrichment)

34. Plaintiffs and members of the class re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 33.

**ANSWER:** **Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 33 of the Complaint as if fully set forth herein.**

35. Defendant has been unjustly enriched by selling a product advertised and packaged as containing no preservatives when in fact that was a false representation. As a result, defendant has been able to charge a higher price for its product than it otherwise would have been able to do. In addition, Defendant has been able to sell its product to consumers that otherwise may have not purchased the product if the true nature of the product was known.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 35 of the Complaint.**

36. Defendants should be required to disgorge itself of its ill gotten gains.

**ANSWER:** **Beam Global denies each and every allegation contained in Paragraph 36 of the Complaint.**

## COUNT III

### (Breach of Express Warranty)

37. Plaintiffs re-allege and incorporate by reference each and every allegation contained in Paragraphs 1 through 36.

**ANSWER: Beam Global repeats and incorporates its responses to the allegations contained in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.**

38. Plaintiffs, and each member of the class, formed a contract with the defendant at the time plaintiff and the other members of the classes purchased the Skinnygirl Margarita product. The terms of that contract include the promises and the affirmations of fact made by defendant on its "Skinnygirl" product labels and through its marketing campaign, as described above. This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between plaintiff and the members of the classes on the one hand, and defendant on the other.

**ANSWER: Beam Global denies each and every allegation contained in Paragraph 38 of the Complaint.**

39. All conditions precedent to defendant's liability under this contract has been performed by plaintiffs and the members of the classes.

**ANSWER: Beam Global denies each and every allegation contained in Paragraph 39 of the Complaint.**

40. Defendant breached the terms of this contract, including the express warranties, with plaintiffs and the Class by not providing the product as described above.

**ANSWER: Beam Global denies each and every allegation contained in Paragraph 40 of the Complaint.**

WHEREFORE, Beam Global prays that this Complaint be dismissed with prejudice; that judgment be rendered in favor of Beam Global; that Beam Global recover its attorneys' fees and expenses; and that Beam Global has such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims alleged in the Complaint may not be properly certified or maintained as a class action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are preempted by federal statutory and regulatory law regarding alcohol labels and advertisements, including but not limited to 27 U.S.C. § 205, and/or barred by the Supremacy Clause of the United States Constitution, principles of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims should be denied under the equitable doctrine of abstention, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the Illinois

Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to Beam Global (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiffs or the putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members have failed to allege a statutory claim for deceptive and unfair trade practices, and misleading advertising upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members may not recover under a theory of unjust enrichment because Plaintiffs and putative class members have failed to allege any cognizable "enrichment" of Beam Global.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any product by Beam Global (including any packaging or labeling of its products) is, and always has been, in compliance with all applicable governmental regulations at the time such product was manufactured, packaged, labeled and sold.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiffs and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiffs and putative class members, if any, were open and obvious, because Plaintiffs and the putative class members were aware, or should reasonably have been aware, that products often contain a minute amount of sodium benzoate.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, as to Beam Global because Beam Global did not owe a legal duty to Plaintiffs and putative class members or, if Beam Global owed a legal duty to Plaintiffs and putative class members, Beam Global did not breach that duty.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members lack privity with Beam Global.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor putative class members suffered any actionable injury or because such injury was not proximately caused by Beam Global.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and putative class members allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over which Beam Global has no control and for which Beam Global is not legally responsible.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs and putative class members are not entitled to relief jointly and severally and Beam Global is not jointly and severally liable with any other person or entity with respect to the claims asserted by Plaintiffs and putative class members.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam Global, if performed at all, were done in good faith.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor any other member of the putative class has suffered actual harm, injury in fact, or lost money or property as a result of a violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*, or under any other cause of action in this case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Beam Global, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or the putative class members are entitled to any relief, Beam Global is entitled to an offset or set off of such relief for the value of the benefits that Plaintiffs and the putative class members received.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the Illinois Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Beam Global of procedural and substantive safeguards, including traditional defenses to liability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' and putative class members' claims are barred, in whole or in part, by failure to mitigate.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Beam Global invokes each and every statutory and common law defense available to it under the laws of each of the other forty-

nine states, and the District of Columbia, of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

### THIRTIETH AFFIRMATIVE DEFENSE

Beam Global adopts and incorporates by reference, as if set forth fully herein, any defense asserted by any other Defendant in this action to the extent that such defense applies to Beam Global.

### RESERVATION OF DEFENSES

Beam Global hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve its right to amend its Answer to assert any such defense. Beam Global also reserves its right to assert other and related defenses as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than Illinois. Beam Global intends to require Plaintiffs to carry their burden of proof on every element of Plaintiffs' claims. Beam Global therefore reserves the right to assert by motion or at trial denials as to Plaintiffs' ability to prove the required elements of their claims. In the event that any affirmative defense asserted by Beam Global is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Beam Global on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint, Beam Global prays that this Complaint be dismissed with prejudice; that judgment be rendered in favor of Beam Global; that Beam Global recover its attorneys' fees and expenses; and that Beam Global have such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

AS TO PLAINTIFFS' DEMAND FOR JURY TRIAL, Beam Global likewise demands a jury trial in this action for all issues so triable.

Dated: November 30, 2011

                                              Respectfully Submitted,

By:   /s/ Christopher T. Sheean
        One of the attorneys for the Defendant
        Beam Global Spirits & Wine LLC.

Christopher T. Sheean (ARDC# 6210018)
Richard J. Keating (ARDC# 6229550)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
312-321-9100
312-321-0990 FAX
csheean@smbtrials.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2011, I electronically filed Defendant Beam Global Spirits & Wine, Inc., Answer and Affirmative Defenses to the Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: /s/ Christopher T. Sheean
Christopher T. Sheean (ARDC #6210018)
Attorneys for Defendant Beam Global
   Spirits & Wine LLC.
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 (fax)
csheean@smbtrials.com